UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-451 (RCL) |
| ) | |
| RENE OSWALD COBAR (1), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter came before the court on May 22, 2006 for a detention hearing held pursuant to 18 U.S.C. § 3142(f). The Government filed a motion [9] to detain defendant Rene Oswald Cobar without bond pending trial, and subsequently filed, at this Court's request, a notice [12] of filing previous orders by judges on another district court ordering the defendant detained. The Government, in its notice of filing, also renewed its motion to detain defendant pending trial.

The Government asserts that no conditions of release would assure the safety of other persons and the community. See id. § 3142(e). Upon consideration of the Government's motions and the factual proffers contained in the Government's filings as well as those presented by both defense counsel and the Government at the hearing, the Government's motions are granted for the reasons set forth below, and defendant Rene Oswald Cobar shall be detained pending trial.

I.   BACKGROUND

Defendant Rene Oswald Cobar is one of three people charged in a one-count indictment that alleges a conspiracy to distribute an illegal drug.  Count One charges defendant with conspiracy to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending or knowing that it would be unlawfully imported into the United States from Guatemala, Nicaragua, and from elsewhere outside of the United States, in violation of Title 21, United States Code, Sections 959 and 960.

II.   THE GOVERNMENT'S PROFFER

At the May 22, 2006 detention hearing and in its written filings, the Government proffered the following evidence based on wiretaps and consensual calls made by a cooperating source.  Between September 26, 2003 and April 13, 2004, defendant Cobar allegedly conspired, along with his co-defendants, to purchase 400 kilograms of cocaine for a buyer in Las Vegas, Nevada, for a cash payment.  (Govt.'s Mot. 1-2.)  The parties agreed that, if the initial transaction was successful, the sellers could provide another 400 kilograms of cocaine on credit.  (*Id.* at 2.) Defendant allegedly was advised by his co-conspirators that one of them had, in his possession, 800 kilograms of cocaine.  (*Id.* at 1-2.)  A co-conspirator was to transport the drugs to Panama City, where the deal would be consummated between the sellers and the buyer's representatives. (*Id.* at 2.)  The transaction was never consummated, however, because his co-conspirator was unable to transport the drugs into Panama City, and because defendant Cobar was arrested on unrelated charges.  (*Id.*)

Defendant Cobar was arrested in New York while attempting to retrieve $210,000 as part of a money laundering scheme. (*Id.*) At the time of his arrest, the U.S. Bureau of Immigration and Customs Enforcement lodged a detainer on defendant, which remains in effect. (*Id.*; Govt.'s Renewed Mot. 1-2.) The Government also proffered that defendant Cobar is a citizen of Guatemala (Govt.'s Mot. 3), where he was born and to which he continues to have extensive ties (*id.*). Defendant Cobar, when arrested in 2004, reported to Pretrial Services in New York that he resided in Florida, a statement contrary to that he had made to Pretrial Services in Nevada that he had lived there for ten years. (*Id.*; Govt.'s Renewed Mot. 1.) The Government further proffered that defendant Cobar has no known ties to the District of Columbia. (Gov.'t Mot. 4)

The Government noted that defendant Cobar's co-conspirator and co-defendant Gonzalez-Largo is associated with a Colombian paramilitary group that the United States Government has designated a terrorist organization. (*Id.* at 4.) Finally, the Government proffered that, upon defendant's initial indictment in the District of Nevada, two separate judges, when presented with substantially the same proffer made here, ordered the defendant detained pending trial. (Govt.'s Renewed Mot. 1.)

III.    DISCUSSION

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the Government demonstrates at an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and that the safety of any others and the community . . . in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [or]

any felony if the person has been convicted of two or more offenses" involving violence, with a maximum sentence of life in prison or death, or involving certain narcotics violations. 18 U.S.C. §§ 3142(f)(1)(C)-(D); see United States v. Salerno, 481 U.S. 739, 741 (1987).

In the instant case, a grand jury has already found probable cause to believe that the defendant conspired to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine. The grand jury's indictment, which must be taken "fair upon its face," does furnish probable cause to believe that the defendant committed the acts that constitute this offense. See United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) and various courts of appeals). Because these acts each carry a mandatory minimum sentence of ten years and a maximum of life in prison, 21 U.S.C. § 841(b)(1)(A), the Government may properly move for a pre-trial detention hearing, 18 U.S.C. § 3142(f)(1)(C).

Based on the seriousness of the narcotics charges in this case, a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, applies:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e).

Although the § 3142(e) presumption has been triggered in this case, the Government still bears the burden of persuasion. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir.

1985).  The Court finds, however, that the Government has met its burden and that the presumption has not been rebutted by the defendant.  The Court's analysis in this regard is guided by the factors set forth in 18 U.S.C. § 3142(g).  The Court now turns to that analysis.

Pursuant to 18 U.S.C. § 3142(g), the Court must, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the language of 18 U.S.C. § 3142(g)(1), pretrial release is to be granted more sparingly when "the offense is a crime of violence or involves a narcotic drug."  Because the indictment of the defendant alleges conspiracy to distribute cocaine, this Court concludes that the nature and circumstances of the offense charged strongly weigh against granting defendant's motion for release pending trial.  Drug trafficking is a serious offense, especially when, as here, the trafficking involves large quantities of narcotics and is large in scope, involving two co-defendants over six months.

The weight of the evidence is sufficient to permit detention in this case.  The Government's proffer, wiretaps and consensual calls made by a cooperating source, indicated Cobar's substantial, high-level involvement in a conspiracy to engage in a major drug transaction that would span two continents and involve large quantities of drugs and cash.  Defendant Cobar's characteristics, particularly his citizenship, also weigh in favor of pre-trial detention.  He

is a Guatemalan national, without any known ties to this jurisdiction, increasing the likelihood that he would flee if released pending trial.

Defendant argued at the hearing that the fact that he has relatives in Nevada, including a sister who has offered to post as collateral for defendant's bond the approximately $70,000 equity in her residence, should be sufficient to secure his release pending trial. This Court finds, however, that $70,000 is insufficient to guarantee defendant's appearance, particularly in light of the numerous factors weighing against pretrial release.

This Court also finds that there is a significant risk of flight if defendant were released pending trial. The following factors compel this conclusion: defendant's foreign citizenship, lack of any ties to the jurisdiction and lack of extensive ties anywhere in the United States, his close ties to Central America, and most tellingly, the fact that he apparently lied to Pretrial Services about his residence.

That brings the Court to the final factor, the seriousness of the danger that the defendant would pose to the community if released. The Court finds that, considering the charges involved in this case, the nature and seriousness of the danger to the community weigh in favor of Cobar's continued detention. Cobar allegedly conspired to purchase at the wholesale level substantial quantities of narcotics – quantities that invoke the ten-year-minimum sentence requirements of the drug laws. The danger that continued drug transactions pose to the community weighs in favor of continued detention of the defendant. Moreover, the seriousness of the charges is heightened by the allegation that one of defendant's co-conspirators works for a Colombian paramilitary group that the United States Government has designated a terrorist organization. Finally, this Court also takes note of the findings of two magistrate judges in the District Court

for the District of Nevada: Magistrate Judge Leavitt found that defendant's pretrial release would pose a danger to the community (Order of Detention Pending Trial, May 27, 2004, Attach. 1 to Govt.'s Renewed Mot.), and Magistrate Judge Leen found that defendant posed a serious flight risk (Order of Detention Pending Trial, May 20, 2006, Attach. 2 to Govt.'s Renewed Mot.).

IV.     CONCLUSION

Upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that defendant Cobar's pretrial release would constitute an unreasonable danger to the community. Furthermore, upon consideration of the possible release conditions set forth in § 3142(c), the court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community, were the defendant to be released pending trial.

Accordingly, it is hereby ORDERED that the Government's motions [9, 12] to detain defendant pending trial are GRANTED; and it is further ORDERED that:

1. Defendant Cobar will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant Cobar shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Cobar is

confined shall deliver these defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    SO ORDERED.

    Signed by Royce C. Lamberth, United States District Judge, May 31, 2006.