UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>          v.<br><br>**RENE OSWALD COBAR, et al.** | Crim. No. 05-451-01 (RCL) |

**DEFENDANT COBAR'S REPLY TO GOVERNMENT'S
NOTIFICATION OF SUPPLEMENTAL AUTHORITIES UPON WHICH
IT INTENDS TO RELY AT THE SEPTEMBER 8, 2006 HEARING**

On August 24, 2006, the government filed notice (Doc. 25) that at the September 8, 2006 hearing on defendant Cobar's motion to dismiss the indictment for lack of venue, it intends to rely on two cases that were not cited in its opposition -- Chua Han Mow v. United States, 730 F.2d 1308, 1312 (9th Cir. 1984), and United States v. Noriega, 746 F.Supp. 1506, 1516 (S.D. Fla. 1990), aff'd, United States v. Noriega, 117 F.3d 1206 (11th Cir. 1997).  In reply, we make the following brief points.[1]

    1.   Both Chua and Noriega involved the issue of whether the court had subject-matter jurisdiction over the defendant.  In Chua, the defendant, a Malaysian citizen, pled guilty to conspiracy to import heroin in violation of §§ 846 and 963 and a substantive count of § 959, distribution of heroin.  On appeal

---

    [1] This supplemental reply is being filed within the time period set by the Court for the defense to reply to the government's opposition, i.e., August 28, 2006.

from a denial of his § 2255 motion to vacate his sentence, Chua argued, <u>inter alia</u>, that the "United States lacked subject-matter jurisdiction to prosecute him because all of the unlawful acts he committed were done in Malaysia."  <u>Id</u>. at 1311.  The Ninth Circuit affirmed.  The court noted that before a United States penal statute may be given extraterritorial effect, the conduct being prescribed must fall within one or more of the "five general principles [of international law] whereby a sovereign may exercise this prescriptive jurisdiction."  <u>Id</u>.  These five principles are:

> (1) territorial, wherein jurisdiction is based on the place where the offense is committed; (2) national, wherein jurisdiction is based on the nationality or national character of the offender; (3) protective, wherein jurisdiction is based on whether the national interest is injured; (4) universal, which amounts to physical custody of the offender; and (5) passive personal, wherein jurisdiction is based on the nationality or national character of the victim.  <u>Id</u>.

The court held that the "objective territorial principle [1] and the protective principle [3] [were] equally applicable to the conspiracy count".  <u>Id</u>.  In so holding the court noted the principle that "extraterritorial jurisdiction over aliens exists when a conspiracy had for its object crime in the United States and overt acts were committed in the United States by coconspirators [citations omitted]."  <u>Id</u>.  That principle was applicable to Chua because one of his coconspirators was arrested at the San Francisco Airport as he attempted to retrieve suitcases containing heroin, and thus the "United States [did]

have jurisdiction to prosecute Chua." Id.

In Noriega, Manuel Noriega, leader of the Panamanian armed forces, was charged with various narcotic offenses, including substantive violations of § 959 and a § 963 conspiracy to violate § 959. Noriega moved to dismiss the indictment on grounds that "the extraterritorial application of the criminal law is unreasonable under the unique facts of this case, and cannot be relied upon to secure jurisdiction over a leader of a sovereign nation who has personally performed no illegal acts within the borders of the United States." 746 F.Supp. at 1512.

The district court rejected this argument, finding that the United States had the power to reach Noriega's drug activities under "traditional principles of international law" and that his conduct fell within the scope of §§ 959 and 963, citing Chua. 746 F.Supp. at 1512-1515, 1516.[2]

2.  Neither Chua or Noriega involved the issue of venue or Article III. It is well settled that venue and jurisdiction are two different legal principles. Although a constitutional right, venue may be waived by an accused like other personal constitutional rights, while subject-matter jurisdiction of a court to try a defendant cannot be waived. See United States v. Evans, 62 F.3d 1233, 1236-1237 (9th Cir. 1995).

Both Chua and Noriega dealt with subject-matter jurisdiction over charges for both the substantive crime of § 959 and a § 963

---

[2] Noriega's convictions were affirmed on appeal. United States v. Noriega, 117 F.3d 1206 (11th Cir. 1997).

conspiracy to commit it, unlike this case which charges only conspiracy.[3]  Because <u>Chua</u> and <u>Noriega</u> involved solely the issue of jurisdiction and not venue under Article III, neither case, in our view, is controlling or particularly helpful as regards resolving the issue to be decided by the Court in this case.

                              Respectfully submitted,


James L. Lyons  (50690)
Kellogg, Williams & Lyons
1925 K Street, N.W., Suite 200
Washington, D.C.  20006
(202) 496-0722

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was electronically served on all interested parties on this 28th day of August, 2006.

                                    /s/
                                    James L. Lyons

---

    [3]  No extraterritorial distribution of cocaine is alleged in the indictment or indicated in the discovery materials.